UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADOLFO FRANCO,                                         )
                                                       )
                Plaintiff,              )        **AMENDED COMPLAINT**
                                                       )
    -against-                                         )        **JURY TRIAL DEMANDED**
                                                       )
THE CITY OF NEW YORK; POLICE OFFICER                   )        13 Civ. 7161 (SAS)
GARY PORTER, Shield No. 31934;                         )
UNDERCOVER OFFICER # 240; JOHN DOES;                   )
And RICHARD ROES,                                      )
                                                       )
                Defendants.             )
------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiff ADOLFO FRANCO seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on August 22, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff ADOLFO FRANCO was at all times relevant herein a resident of the State of New York, Bronx County.  Plaintiff ADOLFO FRANCO is Latino.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants Police Officer GARY PORTER, JOHN DOE UNDERCOVER OFFICER, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants Police Officer GARY PORTER, JOHN DOE UNDERCOVER OFFICER, and JOHN DOES are sued individually.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants

RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On July 17, 2012, approximately 1:50 p.m., Plaintiff was sitting in a chair in front of his home at 2125 Tiebout Street, Bronx, NY.

12. Plaintiff was with his then-two year old daughter, and with his cousin.

13. JOHN DOES police officers, on information and belief including Defendant Police Officer GARY PORTER, came over to Plaintiff and told Plaintiff to get up.

14. Plaintiff got up, and the police officers placed him in handcuffs.

15. The handcuffs were applied to Plaintiff with an excessive tightness.

16. Plaintiff was placed into a police van.

17. Plaintiff was driven around, handcuffed, in the police van for a number of hours.

18. Plaintiff was then taken to the NYPD 46th Precinct, where he was also held for a number of hours.

19. At approximately 7:00 p.m. Plaintiff was taken from the 46th Precinct and held, handcuffed in a police van, until he was finally delivered to Bronx Central Booking at approximately 4:00 a.m.

20. Plaintiff was held at Central Booking until he was arraigned at approximately 4 p.m. on July 18, 2012, and released on his own recognizance.

21. Plaintiff was falsely charged with felony Criminal Sale of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law § 220.39(1).

22. Defendant PORTER was the deponent on the Criminal Court Complaint lodged against Plaintiff, and states therein that he was informed by JOHN DOE UNDERCOVER

OFFICER that JOHN DOE UNDERCOVER OFFICER observed Plaintiff have a conversation with a separately apprehended individual, hand a small object to the separately apprehended individual in exchange for U.S. currency, and that the separately apprehended individual was found by Defendant PORTER to have 1 zip lock bag of alleged crack cocaine in his pocket.

23. These allegations, as relate to Plaintiff, are false.

24. Plaintiff did not have a conversation with, or exchange a small object for U.S. currency with, the separately apprehended individual.

25. On information and belief (the source being the Bronx District Attorney's Office's Notice Pursuant to CPL 710.30) JOHN DOE UNDERCOVER OFFICER falsely identified Plaintiff in a show up as having allegedly engaged in the transaction described above.

26. When Plaintiff returned to court on August 9, 2012, all charges against him were dismissed in their entirety.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

27. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

28. By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he

received at the hands of other defendants, defendants POLICE OFFICER GARY PORTER, JOHN DOE UNDERCOVER OFFICER, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

29.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

30.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

31.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

32.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

33. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

34. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

35. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

38. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unreasonably and excessively prolonging the transport of arrestees in their custody. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

39. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

40. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

42.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

43.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

46.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.     By the actions described above, defendants caused plaintiff to be falsely arrested

9

and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## MALICIOUS PROSECUTION

49.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

52.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

58.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

**NEGLIGENCE**

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

72. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
April 1, 2013

_____/S/_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff

15